1

2

3

4

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

6

7   UNITED STATES OF AMERICA,      )
                                   )   NO. **CR-10-6020-LRS**
8          Plaintiff,              )
                                   )   **MEMORANDUM OPINION**
9                                  )   **RE SENTENCING**
       v.                          )
10                                 )
    SOCORRO CAMPOS-GUTIERREZ,      )
11                                 )
           Defendant.             )
12  _____  )

13

14  **I.  EIGHT LEVEL ENHANCEMENT PURSUANT TO U.S.S.G.
    §2L1.2(b)(1)(C)**

15

16        The Defendant objects to the pre-sentence report's (PSIR's) proposed eight

    level enhancement to his Base Offense Level pursuant to the Sentencing
17
    Guidelines, U.S.S.G. Section 2L1.2(b)(1)(C).  The PSIR concludes that
18
    Defendant's June 1999 Pasco Municipal Court conviction for Theft is an
19
    "aggravated felony" and therefore, the enhancement is justified.  Defendant
20
    received a sentence of 365 days jail, all of which was suspended.
21
          An "aggravated felony" has the meaning given that term in 8 U.S.C. Section
22
    1101(a)(43).  Application Note 3(A) to U.S.S.G. Section 2L1.2.  8 U.S.C. Section
23
    1101(a)(43)(G) specifies that an "aggravated felony" includes "a theft offense
24
    (including receipt of stolen property) or burglary offense **for which the term of**
25
    **imprisonment [is] at least one year**."  (Emphasis added).  Defendant contends he
26
    did not receive a "term of imprisonment [of] at least one year" because all of his
27
    sentence was suspended.  In doing so, he relies on U.S.S.G. Section 4A.1(2)(b)
28

    **MEMORANDUM OPINION -        1**

1   and Application Note 2 related thereto.  The problem is that Defendant seeks to

2   use a definition of "imprisonment" from Chapter 4 of the Guidelines related to

3   "Criminal History" instead of the definition of "imprisonment" from Chapter 2 of

4   the Guidelines related to "Offense Conduct."  The eight level enhancement is a

5   Chapter 2 enhancement.  It has nothing to do with criminal history computation

6   and indeed, pursuant to U.S.S.G. Section 4A1.2(e)(3), Defendant received "0"

7   criminal history points for this Theft conviction.

8       In *United States v. Echavarria-Escobar*, 270 F.3d 1265 (9th Cir. 2001), the

9   Ninth Circuit rejected the very argument Defendant attempts to make here:

10          Echavarria also cites to U.S.S.G. §4A1.2, Application Note 2
            to support his argument that a defendant must actually serve
11          a period of imprisonment on a sentence to qualify as a sentence
            of imprisonment.  This argument misapprehends § 4A1.2.  Because
12          "[s]ection 4A1.2(b) . . . is for the purpose of computing a defendant's
            criminal history category, . . . U.S.C. § 1101(a)(48)(B), not U.S.S.G.
13          § 4A1.2(b) applies for the purposes of defining 'term of imprison-
            ment' in U.S.S.G.  § 2L1.1."

14  *Id*. at 1270-71, quoting *U.S. v. Tejada-Perez*, 199 F.3d 981, 982 (8th Cir. 1999).

15  Moreover, the Ninth Circuit agreed with prior holdings in the First, Second, Third,

16  Fifth, Eighth, Tenth, and Eleventh Circuits and made it unambiguously clear that

17  "whether a defendant's sentence was suspended is immaterial when determining

18  whether a suspended sentence meets the aggravated felony requirements of [8

19  U.S.C.] § 1101(a)(43)."  *Id*. at 1270.  The Ninth Circuit held "the reference to 8

20  U.S.C. § 1101(a)(43) in the commentary to U.S.S.G. § 2L1.2 not only incorporates

21  § 1101(a)(43)'s definition of aggravated felony, but also 8 U.S.C. §

22  1101(a)(48)(B)'s unambiguous supplement to that definition."  *Id*. at 1271.

23  Section 1101(a)(48)(B) provides:

24          Any reference to a term of imprisonment or a sentence
25          with respect to an offense is deemed to include the
            period of incarceration or confinement ordered by a
26          court of law **regardless of any suspension of the
            imposition or execution of that imprisonment
27          in whole or in part.**

28  (Emphasis added).  Thus, the fact Defendant here received a fully suspended

**MEMORANDUM OPINION -      2**

1  sentence is irrelevant.  That fully suspended sentence constitutes a "term of

2  imprisonment."

3      Defendant contends his "term of imprisonment" was not "at least one year"

4  because it was a sentence "during a leap year."  Although 1999 was not a leap

5  year, the year 2000 was and consisted of 366 days instead of 365 days.

6  Defendant's sentence commenced on June 15, 1999, when it was imposed, and

7  expired 365 days later on June 14, 2000.  The sentence expired a day earlier than

8  usual because of the additional day in a leap year, that being February 29, 2000.  It

9  appears Defendant was convicted of Third Degree Theft, RCW 9A.56.050, a gross

10 misdemeanor, punishable by a maximum term of not more than one year.  RCW

11 9A.20.021(2).  The maximum term of one calendar year was imposed, that being

12 365 days, albeit suspended.  "When an inmate is incarcerated for a term of years, it

13 makes no difference that a year contains 365, or in the case of a leap year, 366

14 days."  *Yokley v. Belaski*, 982 F.2d 423, 425 (10th Cir. 1992).  Defendant received

15 a suspended sentence of "at least one year."

16      Furthermore, even assuming the sentence imposed was a "term of days," the

17 court finds it still constitutes "at least a year."  The court is not persuaded that the

18 fact roughly half of the term was served during a leap year makes the term

19 anything less than a full calendar year.   Defendant's argument might be more

20 persuasive if his sentence had commenced on January 1, 2000 and expired 365

21 days later on December 30, 2000, one day short of the full calendar year of 2000

22 comprised of 366 days.

23      Finally, holding that 365 days does not constitute a calendar year when a

24 term of imprisonment encompasses a portion of a leap year, including February

25 29, is troubling for the reason cited by the *Yokley* court: "Although the Gregorian

26 calendar is less than perfect, it is a pervasive tool in the ordering of our daily lives.

27 Were we to require greater exactitude, there would be no end to the claims that

28 could be brought."  *Yokley*, 982 F.2d at 425, n. 1.

**MEMORANDUM OPINION -        3**

Defendant was convicted of an "aggravated felony" for which the "term of imprisonment [was] at least one year." Accordingly, in sentencing the Defendant, it was appropriate for the court to use the Guideline calculations contained in the PSIR which resulted in a Guideline range of 21-27 months.

## II. DOWNWARD DEPARTURE UNDER THE GUIDELINES

Defendant asks for a downward departure based on cultural assimilation. A sentencing court has authority under U.S.S.G. Section 5K2.0 to consider evidence of cultural assimilation as a basis for downward departure. A departure is appropriate where the defendant's unusual cultural ties to the United States, rather than ordinary economic incentives, provided the motivation for defendant's illegal reentry or continued presence in the United States. The circumstances must be "extraordinary." *United States v. Lipman*, 133 F.3d 726, 730-31 (9th Cir. 2004). "Under *Lipman*, cultural assimilation remains a proper basis for granting a downward departure in 8 U.S.C. § 1326 cases for persons brought to the United States as children, who had adapted to American culture in a strong way and who, after deportation, returned to the United States for cultural rather than economic reasons." *United States v. Rivas-Gonzalez*, 384 F.3d 1034, 1044 (9th Cir. 2004). There is no information indicating this Defendant was brought to the United States by his parents. Although the court does not depart downward pursuant to U.S.S.G. Section 5K2.0, it has taken Defendant's ties to the United States into account in its consideration of the 18 U.S.C. Section 3553(a) non-guideline factors

Defendant's criminal history is not over-represented. His 1999 Theft conviction in Pasco Municipal Court received no criminal history points and has no impact on computation of his criminal history category under the sentencing guidelines. The nature of that offense, as well as all of the Defendant's other criminal history, is taken into account in consideration of the 18 U.S.C. Section 3553(a) factors.

**MEMORANDUM OPINION -       4**

1    Rather than granting a departure under the sentencing guidelines, the court

2  has granted a "variance" based on the Section 3553(a) factors.

3    The District Court Executive shall provide copies of this memorandum

4  opinion to counsel and to the U.S. Probation Office.

5    **DATED** this ___5th___ day of November, 2010.

6

7                                    ***s/Lonny R. Suko***

8                          LONNY R. SUKO
                     Chief U. S. District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OPINION -      5**